```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                :
GARY ANDRE WATSON
                                :

     v.                         : Civil Action No. DKC 2004-1115
                                  Criminal No. DKC 2002-0077
                                :
UNITED STATES OF AMERICA
                                :
```

**MEMORANDUM OF OPINION**

Presently pending and ready for resolution is the motion of Gary Andre Watson (Petitioner) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Paper 148). For the reasons that follow, the court will deny Petitioner's motion.[1]

## I. Background

On September 20, 2002, Petitioner pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. § 841. Petitioner entered into a plea agreement stating that he was guilty of count five of the superseding indictment, which charged that he knowingly, intentionally, and unlawfully distributed less than five grams of a mixture or substance containing a detectable amount of

---

[1] Petitioner also filed a motion to amend/correct, to add an issue. (Paper 154). The Government had not yet filed its answer, so the motion to amend IS GRANTED. As will be discussed later, however, the attempted amendment in Petitioner's Traverse is not permissible. The Government's motion for extension of time (paper 153) is GRANTED nunc pro tunc. Petitioner also filed a motion for leave to file an affidavit (paper 179), and a second affidavit was later filed, long after the Government filed its answer. The motion IS DENIED. Finally, Petitioner's motion for retroactive application of sentencing guidelines to crack cocaine offenses was recently filed (paper 185), and will be considered once the issue is fully briefed.

cocaine base.  The charge carried a maximum penalty of 20 years imprisonment, followed by a term of supervised release of at least three years, and a fine not to exceed $1,000,000.  Petitioner agreed to waive his right to appeal any sentence imposed by this court, including any issues related to the applicable guideline range.  Petitioner retained the right to appeal his sentence if the court departed outside the guideline range or the sentence exceeded the statutory maximum sentence allowed by law.  Pursuant to the plea agreement, the other charges in the indictment were dismissed.  During Petitioner's plea colloquy, he acknowledged that he understood his limited appeal rights.

At the January 6, 2003 sentencing hearing, Petitioner argued for a decrease in his offense level pursuant to U.S.S.G. § 3E1.1(b)(2).  He also argued for a decrease in his criminal history category.  The court denied Petitioner's motions and sentenced him to a term of 121 months, to be followed by a three year term of supervised release.

Petitioner appealed the court's denial of his requests for a one-level decrease in his offense level and criminal history category.  The United States Court of Appeals for the Fourth Circuit dismissed the appeal on January 15, 2004.  *United States v. Watson*, No. 03-4085, 85 Fed. App'x 335, 2004 WL 96826, at *1 (4th Cir. 2004).  The court did not address the merits of Petitioner's

appeal, holding that Petitioner had knowingly and intelligently waived his right to appeal those issues. *Id.*

Petitioner filed the instant § 2255 motion on April 8, 2004.[2] He asserted eight grounds for relief, three of which he withdrew in his Traverse to the Government's Response.[3] (*See* Paper 169, at 3). Petitioner alleged that he received ineffective assistance of counsel with respect to his plea and sentencing in violation of his Sixth Amendment right to counsel. Specifically, he claimed that his counsel, William Kanwisher, was ineffective for (1) failing to investigate and introduce into evidence records that would have demonstrated his innocence and would have raised doubts as to his guilt (paper 148, at 5), (2) failing to introduce the claim that Petitioner was a minor participant (*id.*, at 7),[4] and (3) failing to protect Petitioner's right not to be subject to unwarranted punishment by allowing the court to miscalculate his criminal

---

[2] Petitioner prematurely moved to vacate the conviction on May 23, 2003. The motion was dismissed without prejudice. (Paper 128).

[3] Petitioner withdrew his claims that the court lacked subject matter jurisdiction, the Government knowingly presented false testimony to the Grand Jury and the court, and the court erred by not giving full credit for Petitioner's timely acceptance of responsibility.

[4] Respondent identifies as a separate claim Petitioner's argument that his counsel failed to claim that the Government did not introduce evidence that Petitioner was actively engaged in the distribution of cocaine base. (Paper 162, at 4). This argument is properly read as part of Petitioner's "Minor Role" claim and will not be addressed separately.

history (*id.*, at 5).  He also alleged that he was sentenced pursuant to an unconstitutional indictment.  (*Id.*, at 17-25).

On April 23, 2004, the court ordered the Government to respond to the petition.  (Paper 149).  In the meantime, Petitioner filed an amendment to his petition to include an argument based on *Blakely v. Washington*, 542 U.S. 296 (2004).  He alleged that the court erred by enhancing his sentence based on conduct not specifically set forth in the indictment.  (Paper 154).  The Government filed its response on September 10, 2004.  (Paper 162).

Petitioner then filed a Traverse to the Government's Response on November 3, 2004.  (Paper 169).  He attempted again to amend his initial motion to include two additional allegations.[5]  He expanded his ineffective assistance of counsel argument to include a claim that his counsel, Mr. Kanwisher, failed to advise him of the lesser crime of misprision of felony, 18 U.S.C. § 4.  (Paper 169, at 4).  Petitioner further alleged that the court lacked jurisdiction to sentence for crack cocaine or cocaine base because neither is a scheduled substance.  (Paper 169, at 17).

**II.  Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence

---

[5] Once the government has answered a petition, and after amending once arguably within the one year limitations period, a petitioner may not amend a second time to add new allegations without leave of court.  Fed.R.Civ.P. 15.

that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  On the other hand, "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (internal citation omitted).

While a *pro se* movant is entitled to have his arguments reviewed with appropriate consideration, *see Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978), if the § 2255 motion, along with the files and records of the case, conclusively shows that he is entitled to no relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255.

A conviction and sentence based on a guilty plea can only be collaterally attacked on relatively narrow grounds, including that the plea was not voluntary, that the petitioner was not advised by competent counsel, or that the court clearly lacked authority to impose the sentence.  *United States v. Broce*, 488 U.S. 563, 569 (1989).  In addition, statements made by a defendant during a

5

hearing, as mandated by Fed.R.Crim.P. 11, to accept his guilty plea are subject to a strong presumption of veracity, and challenges under § 2255 that contradict these statements may generally be dismissed without an evidentiary hearing:

> "[A] defendant's solemn declarations in open court affirming [a plea] agreement … 'carry a strong presumption of verity,'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" . . . Thus, in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." . . . Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

*United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) (quoting *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004)) (citations omitted).

**III. Ineffective Assistance of Counsel**

The standards governing constitutionally ineffective assistance of counsel claims are well settled under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must show that his

attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, he must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With regard to a guilty plea, a showing of prejudice thus requires Petitioner to demonstrate that but for the alleged failing of counsel, he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985). In *Hill*, the United States Supreme Court explained,

> [i]n many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the

7

"idiosyncrasies of the particular decisionmaker."

474 U.S. at 59-60 (footnote and internal citations omitted) (quoting *Strickland*, 466 U.S. at 695, and citing *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

According to *Strickland*, there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and the courts must be highly deferential in scrutinizing counsel's performance. *See* 466 U.S. at 688-89; *Bunch v. Thompson*, 949 F.2d 1354 (4th Cir. 1991). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney been deficient. *See Strickland*, 466 U.S. at 697.

### A. Failure to Investigate and Introduce Records Demonstrating Innocence

Petitioner contends that Mr. Kanwisher "failed adequately to investigate and to introduce into evidence, records that would have demonstrated Petitioner's factual innocence and that would have raised doubts as to that question of guilt." (Paper 148, at 5). With his Traverse, Petitioner submitted his own affidavit and the affidavits of two individuals also charged in the indictment.[6] Presumably, the information in the affidavits comprises the

---

[6] The latter affidavits are not properly before the court, as noted in footnote one.

8

evidence he claims Mr. Kanwisher should have uncovered. (*See* Paper 169, Aff. In Support of § 2255 Application; Paper 179, Aff. of Tyrone Gilbert; Paper 182, Aff. of Eric Lewis). Petitioner's affidavit asserts that he spent time at the 2205 Virginia Avenue house (where count five took place) because he was visiting his ailing aunt. (Paper 169, Aff. ¶ 3). He also states that he was discussing repair work, not a drug deal, with the confidential informant at the liquor store on December 8, 1999. (*Id*. at ¶ 4). Regarding the March 14, 2000 drug deal, to which Petitioner pleaded guilty, he asserts that he merely held the drug money. (*Id*. at ¶ 5). Petitioner also states that Mr. Kanwisher did not take promised evidence photographs of the Virginia Avenue house or interview his aunt and did not appear ready for trial. (*Id*. at ¶ 8). The substance of Mr. Gilbert's affidavit is that Petitioner was not involved in Mr. Gilbert's December 8, 1999 drug transaction with the confidential informant. (Paper 179 ¶¶ 2, 3). Mr. Lewis's affidavit contains statements that Petitioner was an unnecessary intermediary in the March 14, 2000 drug transaction and he held the money during the sale merely for "show." (Paper 182).

Petitioner's claim fails. First, his assertions contradict his statements under oath at his Rule 11 hearing. As noted above, a defendant's sworn statements during a Rule 11 colloquy "'carry a strong presumption of verity,' and require the dismissal of any § 2255 motion relying on contrary allegations absent 'extraordinary

9

circumstances.'" *Gao v. United States*, 375 F.Supp.2d 456, 464 (E.D.Va. 2005) (quoting *Lemaster*, 403 F.3d at 221-222). Petitioner informed the court that he was satisfied with the help Mr. Kanwisher provided. He did not indicate that his counsel failed to thoroughly investigate his case. Nor did he make any of the assertions he now puts forth in his affidavit. (Paper 162, Ex. A, Rearraignment Tr. 22:10-16). Petitioner also agreed to the statement of stipulated facts, which contradicts his new assertions that he was not involved in the December 1999 sale and played a minimal role in the March 2000 transaction. (*Id.* at 14:10-18). Petitioner cannot now be permitted to offer a different version of facts in support of his § 2255 motion. To support his new allegations, Petitioner has submitted affidavits containing vague and uncorroborated statements of his co-defendants. These affidavits are not enough to overcome the "formidable barrier" established by Petitioner's sworn Rule 11 colloquy statements. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). There is no indication that Petitioner was unaware of the information in the affidavits when he pleaded guilty or that this information was not available to him at the time of the plea. *See Gao*, 375 F.Supp.2d at 464 (denying ineffective counsel claim where petitioner was aware of the grounds of the claim at the time of the Rule 11 colloquy, but swore that she was satisfied by her counsel). In

10

sum, Petitioner has not alleged any facts that raise doubts as to the verity of his statements during the Rule 11 colloquy.

Further, Petitioner has not demonstrated that he was prejudiced by his attorney's failure to investigate his case and introduce the affidavits. Although he alleges that Mr. Kanwisher failed to take evidentiary photos of the Virginia Avenue house, he does not explain how those photographs would have established his innocence. It is also unclear how an interview with his aunt would have helped his case. (*See* Paper 169, Aff. ¶ 8). Nor were the codefendants' statements likely to have led Petitioner's counsel to change his recommendation as to the plea. *See Hill*, 474 U.S. at 59-60. The affidavits are not supported by additional evidence and suffer from a lack of credibility. Most notably, the affidavits do not undermine the agreed upon fact that "[f]rom November 1999 through November 9, 2001, Watson was involved in the distribution of at least 50 but not more than 150 grams of cocaine base." (Paper 79, Plea Agreement, Ex. A "Stipulated Statement of Facts"). It is unlikely that these affidavits would have resulted in a favorable outcome for Petitioner had he gone to trial. Accordingly, Petitioner's first claim for ineffective assistance of counsel fails.

**B.   Minor Participant**

Petitioner asserts that his counsel was ineffective for failing to argue for "minor participant" status for Petitioner.

Pursuant to U.S.S.G. § 3B1.2(b), a defendant's offense level may be decreased by two levels "if a defendant was a minor participant in any criminal activity."

Petitioner has not established that Mr. Kanwisher's failure to argue for a minor participant reduction fell below the prevailing professional standards.  Mr. Kanwisher's decision not to seek a "minor participant" reduction was a strategic choice made during the course of the representation.  The court must be highly deferential when evaluating counsel's strategic choices.  *See Strickland*, 466 U.S. at 689.

Mr. Kanwisher's decision was well within the bounds of reasonableness, as § 3B1.2(b) was inapplicable to Petitioner. Generally, defendants are not entitled to the minor participant reduction when they are held accountable only for conduct directly attributable to them.  *E.g.*, *United States v. Rosas-Zuloaga*, 30 Fed.App'x 62, 63 (4th Cir. 2002) (finding minor participant reduction inapplicable for defendant whose offense level was based on drugs he personally received, not the total amount involved in the conspiracy); *United States v. Excinia*, No. 99-4100, 194 F.3d 1306 (table), 1999 WL 760242, at *1 (4th Cir. 1999); *United States v. Rodriguez DeVaron*, 175 F.3d 930, 942 (11th Cir. 1999) (en banc). Here, Petitioner was held accountable for the 50 to 150 grams of cocaine base he distributed between November 1999 and November 2001, not the quantities distributed by his codefendants.  (Paper

12

79, Plea Agreement, Ex. A, "Stipulated Statement of Facts"). In accordance with the stipulated facts, the court would have rejected a request from defendant for a minor participant reduction. Therefore, there is no basis on which to find Mr. Kanwisher deficient for failing to request a § 3B1.2(b) reduction, as counsel is not required to introduce futile arguments. *See Oken v. Corcoran*, 220 F.3d 259, 269-70 (4th Cir. 2000) (finding that counsel was not ineffective for failing to make futile objection at trial).

**C.   Criminal History**

Petitioner argues that Mr. Kanwisher failed to inform the court properly of his criminal history, which resulted in an erroneously calculated sentence. He claims that the court miscalculated his criminal history by concluding that Petitioner was on probation at the time he committed the offense. Pursuant to U.S.S.G. § 4A1.1(d), the court applied two criminal history points because relevant conduct in the indictment occurred as early as November 1999, while Petitioner was on probation for a 1998 conviction of CDS possession. (Paper 115, Sentencing Hr'g Tr. 26:10-22). Petitioner asserts that his probation ended on January 9, 2000, more than two months before the March 14, 2000 sale that comprises count five, the only count to which he pleaded guilty.

13

Petitioner alleges that Mr. Kanwisher's failure to correct the court's calculation resulted in an enhanced sentence.[7]

Petitioner's claim fails because it is based on a misinterpretation of the sentencing guidelines.  Application Note 4 of the U.S. Sentencing Guidelines Manual § 4A1.1 (2002) explains that "[t]wo points are added if the defendant committed any part of the instant offense (<u>i.e.</u>, *any relevant conduct*) while under any criminal justice sentence" (emphasis added).  Therefore, for criminal history purposes, the court may rely on the entire course of conduct, not merely the offense to which the defendant pleaded guilty.  *See United States v. Johnson*, No. 96-4868, 153 F.3d 723 (table), 1998 WL 387193, at *3 (4th Cir. 1998); *United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994) ("The defendant need not be convicted of the charges constituting relevant conduct for him still to be held accountable for them.  Yet the government must establish the existence of these other incidents by a preponderance of the evidence.").  Petitioner's counsel did not err in failing to advise the court of a mistaken calculation, as the court properly considered the November 1999 date under the criminal history guidelines.

---

[7] It is not certain that the two points the court added for criminal history enhanced Petitioner's sentence.  As the court noted during the sentencing hearing, Petitioner had four criminal history points without the § 4A1.1(d) points, which was enough to place him at Criminal History Level 3.  (Paper 115, Sentencing Hr'g Tr. 26:23-27:1).

**D.    Lesser Crime of Misprision of Felony**[8]

In his Traverse, Petitioner alleges that Mr. Kanwisher failed to inform him of the existence of the crime of misprision of felony, 18 U.S.C. § 4.  He asserts that misprision of felony more accurately describes his offense than 21 U.S.C. § 841.  Misprision punishes those who have "knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States."  18 U.S.C. § 4.  The applicable sentencing range for misprision is a fine or a term of imprisonment not to exceed three years.  *Id.*

Petitioner cites *United States v. Perrone*, 936 F.2d 1403, 1415 (2[d] Cir. 1993), for the proposition that where one statutory offense more accurately describes a defendant's conduct than another, he is constitutionally entitled to be charged with the more specific offense.  (Paper 169, at 4).  However, *Perrone* is distinguishable from the present case.  In *Perrone*, the alleged facts only supported a conviction under 21 U.S.C. § 841(d) (possession of chemicals with intent to manufacture cocaine and with knowledge or reason to believe they would be used to manufacture cocaine), yet the defendant was also convicted of 21

---

[8] As noted above, this allegation is not properly before the court, and can be rejected on procedural grounds alone.

15

U.S.C. § 841(a) (intending to manufacture more than five kilograms of cocaine). 936 F.2d at 1415. As the evidence did not establish the elements of § 841(a), defendant could not be convicted based solely on the identical conduct used to convict him of § 841(d). *Id.* By contrast, in the present case, the government has not attempted to piggyback a more encompassing charge onto a lesser, narrower charge. In the case at bar, the facts to which Petitioner agreed support a conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(C). The facts in the plea agreement outline conduct that cannot be punished by misprision of felony alone. Accordingly, Petitioner was not prejudiced by Mr. Kanwisher's decision not to contest the § 841 charge and therefore his ineffective assistance of counsel claim fails.

**IV.  *Blakely v. Washington***

Petitioner asserts that the Supreme Court's *Blakely v. Washington* decision prohibited the court from enhancing his sentence based on relevant conduct not specifically set forth in the indictment. (Paper 154). The court will not address Petitioner's *Blakely* argument, as Petitioner's case was final before the Supreme Court issued the *Blakely* decision and the Fourth Circuit has held that *Blakely* does not apply retroactively to § 2255 motions. *Morris v. United States*, 429 F.3d 65, 71-72 (4th Cir. 2005).

**V.   Unconstitutional Indictment**

Petitioner argues that he was sentenced pursuant to an unconstitutional indictment. (Paper 148, at 17). He alleges that 21 U.S.C. § 841 is unconstitutional because the statute provides that the type and quantity of the drug are sentencing factors to be determined by a judge. The claim appears to be based on the Supreme Court's *Apprendi v. New Jersey* decision, which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). As *Apprendi* does not apply where, as here, the sentence does not exceed the statutory maximum, Petitioner's claim fails. *Id.*

**VI.   Subject Matter Jurisdiction**[9]

Petitioner contends that the court lacked subject matter jurisdiction to sentence him because crack cocaine and cocaine base are not scheduled substances. (Paper 169). This claim is without merit, as both crack cocaine and cocaine base fall within Schedule II's definition. *United States v. Moses*, 15 Fed. App'x 146, 148 (4th Cir. 2001). "Schedule II lists 'cocaine, its salts...or any compound, mixture, or preparation which contains any quantity of' cocaine or its salts. 'Because cocaine base and crack cocaine are

---

[9] Again, this issue is raised in Petitioner's Traverse, which is an impermissible second amendment without leave of court.

mixtures that contain cocaine...both substances are encompassed by schedule II's definition.'" *United States v. Moore*, 470 F.3d 767, 769 (8th Cir. 2006) (quoting *Sanders v. United States*, 237 F.3d 184, 185 (2[d] Cir. 2001) (per curiam)).

**VII. Conclusion**

For the foregoing reasons Petitioner's motion to vacate his sentence will be denied. A separate Order will follow.

                                         /s/
                               DEBORAH K. CHASANOW
                               United States District Judge